<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MISAGH ALAMI, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:20-cv-00062-BRM-LHG |
| | : | |
| v. | : | |
| | : | **OPINION** |
| 10M CORP. AND ALLISON BRAND, | : | |
| | : | |
| Defendants. | : | |

Before this Court is a motion by Plaintiff Misagh Alami ("Alami") seeking Default Judgment against Defendants 10M Corporation and Allison Brand pursuant to Fed. R. Civ. P. 55(b)(1). (ECF. No 7.) To date, Defendants 10M Corp. ("10M") and Allison Bland ("Bland") (together "Defendants") have not appeared. Having reviewed the motion and the record and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause appearing, Plaintiff's motion is **GRANTED.**

**I.    BACKGROUND**

Plaintiff Misagh Alami is a full stack developer and expert in WordPress. In late December 2016 or early January 2017, Bland, at the time employed as a Media Specialist in the Department of African American Studies at Princeton University, contacted Alami about website development work being commissioned by the department. (ECF No. 1 at 3.) Alami had previously done other web development work for Bland and the department which he successfully completed in December 2016. (ECF No. 1 at 3.) On January 11, 2017, Bland retained Alami at a rate of $3,000 per week for this new work. (ECF No. 1 at 3.) On a weekly basis between January 2017 and May

2018 Alami provided Bland with a detailed development schedule. (ECF No. 1 at 4.) Work being complete on August 1, 2018. (ECF No. 1 at 4.)

Plaintiff filed the Complaint on January 3, 2020 against Defendants, seeking damages from breach of contract and fraud, among other claims. (*See generally* ECF No. 1.) On January 8, 2020, 10M was served with a copy of the Complaint and Summons. (ECF No. 7-11.) On March 3, 2020, the Honorable Magistrate Judge Lois H. Goodman ordered that Defendant Bland be deemed served via Plaintiff's service through certified mail and regular mail. (ECF No. 5.) Both 10M and Bland have failed to answer or otherwise defend this action.

On February 14, 2020, Alami filed a Request to Enter Default against 10M and Bland (ECF No. 4.) and the Clerk entered default for failure to please or otherwise defend that same day. On April 15, 2020, Alami filed a Motion for Default Judgment against 10M and Bland. (ECF No. 7.)

## II. DECISION

A default judgment may be entered "against a properly served defendant who fails to file a timely responsive pleading." *Louisiana Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. Pro. 55(b)(2); *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir.1990)). The judgment must be entered by the court, rather than the clerk, where the amount is not sum certain or cannot be made certain by computation. Fed. R. Civ. P. 55(b).

Entry of default judgment is within the discretion of the district court, although cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)); *see Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Louisiana Counseling & Family Servs.*, 543 F. Supp. 2d at 364. To determine the appropriateness of the entry of a default

judgment, the Court may conduct a hearing when, "to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b).

Generally, courts treat all pleadings and allegations of the plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court is not required to accept Plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against Defendants. *Directv, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A *Federal Practice and Procedure* § 2688, at 58-59, 63 (3d ed. 1998)); *accord Louisiana Counseling & Family Servs.*, 543 F. Supp. 2d at 364; *Comcast Cable Commc'ns v. Bowers*, No. CIV 06-1664 RBK, 2007 WL 1557510, at *2 (D.N.J. May 25, 2007).

The Court finds service of the Summons and Complaint were properly effectuated with respect to 10M and Bland, and default was duly noted by the Clerk of the Court against 10M and Bland for their failure to plead or otherwise defend in this action. The Court further finds that the unchallenged facts as presented in Alami's Motion and by counsel constitute a legitimate cause of action.

Alami has adequately pled his claims based in contract and quasi-contract theories. "A party alleging a breach of contract satisfies its pleading requirement if it alleges (1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002). Alami has shown that he and Defendants had an agreement pursuant to which Alami would provide web development services in exchange for compensation in the sum of

$3,000 per week beginning January 11, 2017, later raised $5,000 per week beginning in March 2017. (*See generally* ECF No. 1; ECF No. 7-19). Plaintiff has also pled that he was assured he would be compensated for the 81 weeks of services completed in the amount of $385,000, and that Defendants have failed to pay. (ECF. No. 1 at 6; ECF No. 7-19.)

Alami has also adequately pled his claims based on misrepresentation and fraud. To state a claim for common law fraud under New Jersey law, a plaintiff must allege "(1) [the defendant made] a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) [the defendant had] an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Triffin v. Automatic Data Processing, Inc.*, 394 N.J. Super. 237, 246 (App. Div. 2007) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)). Alami has shown that Defendants made material misrepresentations that they knew to be false intending for him to rely on them. (*See generally* ECF No. 1; ECF No. 7-19) In correspondence with Bland throughout the web design project, Alami was repeatedly reassured that he would be paid for his work in the agreed upon sum. (*See generally* ECF No. 7-19.) Alami has also shown that he reasonably relied on these misrepresentations and in doing so incurred damages.

As to the New Jersey Consumer Fraud Act, courts have interpreted this section to require the following three elements to state a cause of action under the CFA: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557 (2009) (citing *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 192 N.J. 372, 389 (2007)). Alami has shown that Defendants misrepresented the circumstances surrounding his payment resulting in an ascertainable loss by him. (*See generally* ECF No. 7-19.)

### III. CONCLUSION

Accordingly, for the reasons set forth above and for good cause appearing, that Alami's Motion for Default Judgment (ECF No. 7) is **GRANTED** as set forth in the accompanying order.

Date: December 31, 2020  */s/ Brian R. Martinotti*  
**HON. BRIAN R. MARTINOTTI**  
**UNITED STATES DISTRICT JUDGE**